UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY,<br>518 C Street, NE, Suite 200<br>Washington, DC 20002<br><br>    *Plaintiff,*<br><br>vs.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY,<br>1200 Pennsylvania Avenue, N.W.<br>Washington, DC 20460<br><br>    *Defendant.* | Case No. 24-cv-2677<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.     NATURE OF ACTION

1. The Center for Food Safety (CFS)—a nonprofit public interest and environmental advocacy organization working to protect public health and the environment—brings this civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, challenging the Environmental Protection Agency (EPA)'s unlawful withholding of records that pertain to EPA's decision-making regarding pesticide registrations.

2. CFS filed a FOIA request with EPA to gain a better understanding of EPA's decision-making regarding pesticide registrations, specifically its assessment of the human health and ecological impacts of pesticide products and tank mixes of the same as they are used in the real world. The goal of the request was to open the operations and activities of government to public scrutiny and contribute significantly to the public's understanding of the agency's decision-making processes. CFS also requested a fee waiver in accordance with 5 U.S.C. § 552(a)(4)(A)(iii).

3. EPA is violating FOIA by failing to produce records in response to CFS's request, failing to conduct an adequate search for responsive records, and by failing to provide an initial determination as to the scope of the records to be produced or withheld.
EPA's unlawful withholding of public records undermines FOIA's basic purpose of government transparency. Because prompt access to these records is necessary to effectuate FOIA's purpose, CFS seeks declaratory relief establishing that EPA is in violation of FOIA, and injunctive relief directing EPA to provide responsive records without any further delay.

## II. JURISDICTION AND VENUE

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which expressly provides a venue for FOIA cases in the District Court of the District of Columbia.

6. Declaratory relief is appropriate under 28 U.S.C. § 2201.

7. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## III. PARTIES

8. Plaintiff CFS is a national 501(c)(3) nonprofit public interest and environmental advocacy organization with a mission to protect public health and the environment by preventing the use of dangerous pesticides and by educating the public on the potential harms posed by pesticides. CFS represents over one million members in every state across the country, all of whom support safe, sustainable food production, free from dangerous pesticides. One of CFS's flagship programs is its pesticide program, dedicated to addressing the adverse environmental and public health impacts of pesticide use. This program includes numerous policy, scientific, and legal staff. Through its pesticide program, CFS strives to ensure and improve pesticide oversight, furthering policy and cultural dialogue with regulatory agencies, consumers, chefs, landowners, and legislators on the critical need to protect public health and the environment from pesticides and to promote and protect more sustainable alternatives. CFS and its members are harmed by EPA's violations of FOIA, as such violations preclude CFS from gaining a full understanding of EPA's regulatory

decisions pertaining to the use and labeling of pesticides, and prevent CFS from disseminating information to the public concerning EPA's decision-making on pesticides.

9. Defendant EPA is an agency within the United States Government. EPA is in possession and control of the records CFS seeks and is an agency within the meaning of 5 U.S.C. § 552(f)(1). EPA is therefore subject to FOIA.

## IV. LEGAL BACKGROUND

10. The basic purpose of FOIA is to promote government transparency and public oversight of agency action. The statute effectuates this objective by establishing the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b)(1)-(9).

11. FOIA imposes stringent deadlines on federal agencies to make initial determinations in response to FOIA requests. Within twenty working days of receiving a FOIA request, an agency must determine whether it will release the requested records, and it must notify the requester of its determination, the reasons for its decision, and the requester's right to appeal an adverse decision to the head of the agency. *Id.* § 552(a)(6)(A). The agency must also make a decision on whether to grant a fee waiver request within the twenty-day time period. *Bensman v. Nat'l Park Serv.*, 806 F. Supp. 2d 31, 39 (D.D.C. 2011).

12. Congress has specified limited instances in which federal agencies may extend this twenty-working-day deadline. First, an agency may toll the deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii). Second, in "unusual circumstances" an agency

may extend the deadline no more than ten additional working days by providing written notice to the requester that sets forth the circumstances justifying the extension. *Id.* § 552(a)(6)(B)(i).

13. FOIA requires that a determination under 5 U.S.C. § 552(a)(6)(A) "must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility and Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

14. For a determination to trigger the administrative exhaustion requirement, the agency must at least "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.* at 188.

15. If the agency fails to respond within the applicable time limit, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

16. Such constructive exhaustion[1] "allows immediate recourse to the courts to compel the agency's response to a FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62, 64 (D.C. Cir. 1990).

17. The court "then has the authority to oversee and supervise the agency's progress in responding to the request." *Seavey v. DOJ*, Case No. 15–1303, 2017 WL 3112816, at *2 (D.D.C. July 20, 2017) (citing *Citizens for Responsibility and Ethics in Wash.*, 711 F.3d at 189); *see also Clemente*

---

[1] "Constructive exhaustion is determined by the actions (or lack thereof) an agency has taken by the time a suit is filed in the district court." *Wisdom v. U.S. Tr. Program*, 232 F. Supp. 3d 97, 113 (D.D.C. 2017) (citing *Oglesby*, 920 F.2d at 64).

*v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (a court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

18. FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D).

19. With regard to production of responsive records, "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *Citizens for Responsibility and Ethics in Wash.*, 711 F.3d at 188 (citing 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)).

20. In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions. 5 U.S.C. § 552(b). These exemptions must be "construed narrowly in keeping with FOIA's presumption in favor of disclosure." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010).

21. FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester. 5 U.S.C. § 552(a)(4)(B).

22. FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

23. In addition, FOIA provides a waiver for fees associated with the procurement of documents subject to FOIA requests. Such fee waivers are granted "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of

the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id.* § 552(a)(4)(A)(iii).

24. Finally, FOIA requires that the agency provide "information about the status of a request . . . including . . . an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

V. FACTUAL BACKGROUND

25. CFS, through its pesticides program, works to protect public health and the environment from the impacts of pesticides. CFS has a long history of promoting greater oversight concerning the environmental and public health impacts of pesticides.

26. On May 20, 2022, CFS submitted a FOIA request to EPA, seeking "[a]ny and all documents, from August 1st, 2018 to present, relating to: (1) CFS's July 10, 2017 petition, (2) the synergistic effects of mixing pesticide ingredients (including active, inert, and adjuvant ingredients), (3) the relative ability of different adjuvants and surfactants to enhance the herbicidal effectiveness of pesticides, (4) known common tank mixtures, (5) risk assessments EPA has conducted for whole tank pesticide mixtures, the human health and ecological risks from chronic pesticide exposure to tank mixtures, (6) communications between EPA and USFW or NMFS regarding the effects of whole tank mixtures on endangered species, (7) changes in EPA's pesticide risk assessment process specifically regarding the impacts of end-use products or the synergistic impacts of inert and active ingredients or tank mixes, (8) the adjuvant organosilicone's impact on honeybee colony collapse disorder, (9) any difference in the effects of whole pesticide formulations versus only active ingredients on amphibians, (10) any difference in the effects of whole pesticide

formulations versus only active ingredients on human health, and (11) the effects of combining fungicides and neonicotinoids in one mixture on pollinators."

27. CFS explained that release of the requested records was in the public's best interest because disclosure would significantly contribute to public understanding of the operations or activities of government, and because obtaining the information was of no commercial interest to CFS. CFS also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

28. On July 10, 2017, CFS submitted a legal petition (the 2017 Petition) for rulemaking requesting EPA to revise pesticide regulations to consider all pesticide ingredients, and to require testing of whole formula and tank mixtures in its pesticide review process.

29. On May 20, 2022, EPA emailed CFS confirming receipt and providing the FOIA officer to which the request was assigned.

30. On June 7, 2022, EPA granted CFS's fee waiver.

31. On June 16, 2022, EPA informed CFS that the request qualified for unusual circumstances, and thus the agency was entitled to extend their twenty-working-day limit to respond. In this letter, EPA estimated that it would complete the request by March 31, 2023.

32. On October 12, 2022, CFS filed a lawsuit against EPA in the United States District Court for the Northern District of California seeking to compel response to the 2017 Petition. *Center for Food Safety v. United States EPA*, 3:22-CV-6001 (N.D. Cal. filed Oct. 12, 2022).

33. On April 3, 2023, CFS reached out to EPA to request a status update for the request. EPA responded requesting a meeting to discuss the scope of the request with subject-matter experts and attorneys from the Office of General Council.

34. On May 10, 2023, CFS and EPA met virtually to discuss the request for information. CFS agreed that EPA could postpone responding to the FOIA request until after EPA has responded to the 2017 Petition.

35. On September 29, 2023, EPA formally denied the 2017 Petition.

36. On October 19, 2023, CFS contacted EPA requesting an updated timeline for response. EPA did not respond.

37. On July 9, 2023, CFS again followed up with EPA requesting an update for response. EPA did not respond.

38. Over eighteen months have passed since EPA logged in the May 20, 2022 FOIA Request, yet EPA has not supplied the requested documents in accordance with FOIA.

39. As of the date of this Complaint, CFS has received no further communications from EPA.

40. None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records responsive to the FOIA request.

41. CFS has been required to expend resources to prosecute this action.

### VI. CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
#### Defendant Failed to Conduct an Adequate Search for Responsive Records

42. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

43. EPA violated FOIA by failing to conduct an adequate search for responsive records pursuant to 5 U.S.C. § 552(a)(3)(C)-(D).

44. CFS has a statutory right to have EPA process its FOIA request in a manner that complies with FOIA. *Id.*

45. EPA violated CFS's right when it unlawfully failed to undertake a search that was reasonably calculated to locate all records that are responsive to the FOIA request, thus prejudicing CFS's ability to timely obtain public records.

46. CFS has exhausted the applicable administrative remedies with respect to the FOIA request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

47. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

48. CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

49. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's right to receive public records under FOIA.

## SECOND CAUSE OF ACTION
### Defendant Unlawfully Withheld All Responsive Records

50. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

51. EPA violated FOIA by failing to promptly disclose records that are responsive to CFS's FOIA request. 5 U.S.C. § 552(a)(4)(B).

52. CFS has a statutory right to the records it seeks, and there are no applicable exemptions under FOIA that provide a legal basis for EPA to withhold these records from CFS. *See id.* § 552(b)(1)-(9).

53. To date, EPA has not provided any records requested by CFS, notwithstanding the requirement of 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(C) to make agency records "promptly available."

54. As such, EPA is wrongfully withholding disclosure of information sought by CFS, information to which it is entitled and for which no valid disclosure exemption has been claimed. EPA's unlawful withholding prejudices CFS's ability to timely obtain public records.

55. CFS has exhausted the applicable administrative remedies with respect to the FOIA request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

56. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

57. CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

58. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's right to receive public records under FOIA.

## THIRD CAUSE OF ACTION
### Defendant Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

59. The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

60. EPA violated FOIA by failing to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records in response to the FOIA request. 5 U.S.C. § 552(a)(8)(A)(ii)(II).

61. CFS has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. *Id.*

62. To date, EPA has failed to disclose any records to CFS, including nonexempt information that could be reasonably segregated and released in response to the FOIA request, thus prejudicing CFS's ability to timely obtain public records.

63. CFS has exhausted the applicable administrative remedies with respect to the FOIA request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

64. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

65. CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

66. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

67.
### REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order Defendant to provide a lawful initial determination on Plaintiff's FOIA requests.

2. Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's FOIA request with the cut-off date for searches being the date the searches are conducted, and to provide to Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3. Declare that Defendant unlawfully failed to make and communicate an initial determination on Plaintiff's FOIA request as required by 5 U.S.C. § 552(a)(6)(A)(i).

4. Declare that Defendant unlawfully failed to undertake a search and disclosure of all records responsive to Plaintiff's FOIA request as required by 5 U.S.C. § 552(a)(6)(A)(i).

5. Declare that Defendant unlawfully failed to provide Plaintiff with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption as required by 5 U.S.C. § 552(a)(7)(b).

6. Provide for expeditious proceedings in this action.

7. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

8. Grant such other relief as the Court may deem appropriate.

Dated this 18th day of September, 2024.

Respectfully submitted,

CENTER FOR FOOD SAFETY,

/s/ Sylvia Shih-Yau Wu
Sylvia Shih-Yau Wu (273549)
Center for Food Safety
600 California Street, Suite 12-013
San Francisco, CA 94108
(415) 826-2770
Email: swu@centerforfoodsafety.org

*Counsel for Plaintiff*